(4)

FILED

JAN 1 8 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

TJ

1
2
3
4
5

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                    )     Case No. 06-23014-C-7
                                         )
KURTIS SWART and                         )     MC No. KEH-1
HOLLIE SWART                             )
                                         )
            Debtors.                     )
_____)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY NOT INTENDED FOR
PUBLICATION**

These findings of fact and conclusions of law, which are

not intended for publication, are rendered in this contested

matter pursuant to Federal Rules of Civil Procedure 52 as

incorporated by Federal Rules of Bankruptcy Procedure 7052 and

9014.

<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334.  This is a

core proceeding.  28 U.S.C. § 157(b)(2)(G).

<u>Findings of Fact</u>

Debtors filed their voluntary chapter 7 petition on August 9, 2006.  They scheduled a 2004 Mitsubishi Galant and a 2004 Ford Escape ("vehicles") as property of the estate.  The first meeting of creditors was held on October 4, 2006.  The chapter 7 trustee filed a report finding that there is no property available for distribution from the estate over and above that exempted by the debtor.  Debtors were discharged from all dischargeable debts on December 14, 2006.

On December 4, 2006, U.S. Bank ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to repossess the vehicles.  Movant is the holder of two Purchase Contracts payable by the debtors.  The Kelley Blue Book values of the vehicles are approximately $12,362.50 and $16,480.00.  Movant holds liens on the vehicle in the approximate amounts of $18,682.33 and $23,458.31.  There is no evidence of any other liens against the vehicles.

No opposition to the motion was filed within the time prescribed by Local Bankruptcy Rule 9014-1(f)(1).  The parties have consented to taking evidence by affidavit and have not demonstrated that there is any disputed material factual issue.  See L. Bankr. R. 9014-1(f)(1).  The evidentiary record is closed.  <u>Id.</u>

Upon review of the record, the court determined that the written record is adequate and that no oral argument is necessary.

## Conclusions of Law

The automatic stay of acts against debtor <u>in personam</u> expires when the debtor is granted a discharge. 11 U.S.C. § 362(c)(2)(C). Acts against property of the estate remain stayed until the earliest of the time when the bankruptcy case is closed, dismissed, or the property ceases to be property of the estate. 11 U.S.C. § 362(c). The automatic stay may be terminated earlier if debtor fails to protect the secured party's interest adequately, § 362(d)(1), and, with respect to a stay of an act against property, debtor does not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2)(B). The issue of whether the property is necessary to an effective reorganization is not considered in a chapter 7 case because no reorganization is contemplated in a chapter 7 case.

Although the debtors do not appear to have any equity in the vehicles, since the debtors were granted a discharge, the automatic stay has expired as to the debtors. Thus, the motion insofar as it is directed at the interest of the debtors is moot and will be denied.

However, the motion will be granted as to the interest of the trustee.

An appropriate order will issue.

Dated: January 18 , 2007

_____
UNITED STATES BANKRUPTCY JUDGE

## CERTIFICATE OF SERVICE

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Kurtis Swart
Hollie Swart
820 Paiute Lane
Susanville, CA 96130

Timothy J. Walsh, Esq.
1319 Travis Blvd.
Fairfield, CA 94533

Keith E. Herron, Esq.
Herron & Associates
10201 Mission Gorge Road, Suite J
Santee, CA 92071

John W. Reger
P.O. Box 933
Palo Cedro, CA 96073

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Dated: 1/19/07

_____
Deputy Clerk